OLIVER CAPEN *vs.* THE PACIFIC MUTUAL INSURANCE COMPANY.

1. If the authority of an agent is revoked, as to the agent himself, the revocation takes effect at the time it is made known to him, but as to third persons when it is made known to them: the rule extends not only to the remedy of third parties, but to the creation of rights.

2. If a corporation of this state establish an agency, and transact business in a foreign state, and specially authorize an agent to receive service of process, the company recognises the laws of that state, and is bound by process served upon its agent, at any time before the suitor has notice of the determination of such agency.

This was an action of debt, brought in this court upon a judgment recovered by the plaintiff against the defendants in the Supreme Court of Massachusetts.

The declaration contained two counts : first count on a judgment recovered by plaintiff against defendants in the Supreme Court of Massachusetts, November 2, 1852, for $2496.08 damages and costs ; second count substantially the same.

Plea, that the defendants, at the commencement of the suit, were not residents or citizens of Massachusetts, nor a corporation under its laws ; that no process or other legal notice was served upon them, or any one duly authorized in their behalf, or upon any property belonging to them ; and that the defendants, nor any one in their behalf, did not appear, plead, or make defence, by reason whereof the

court in Massachusetts never obtained jurisdiction of the defendants or of the subject matter in controversy in the suit.

Replication, that the defendants had due and legal notice of the suit by service of process on one E. Russell Hinckley, their attorney in that behalf.

The cause was noticed for trial at the Mercer Circuit, October term, 1854, when the following special case was agreed upon by counsel: " It is admitted that the defendants had an office, and transacted business as an insurance company, at Boston, in the state of Massachusetts, during the years 1851 and 1852 ; that, on the 15th day of December, 1851, they filed in the office of the secretary of state of that state a power of attorney, duly executed and authenticated, in pursuance of an act of the legislature of said state, passed May 24, 1851, which act is to be referred to as a part of this case, and appointing E. Russell Hinckley their attorney and agent under that act, which power of attorney bears date December 11th, 1851, and that said Hinckley acted as such agent under that power of attorney ; that process in the action in which the judgment declared on in this case was recovered, was, on the 2d day of April, 1852, duly served upon said Hinckley, and that he, at the time of service, stated to the deputy sheriff who served it that ho was such agent of the defendants.

It is further admitted,that said Hinckley,by writing dated February 24th, 1852, tendered his resignation as such agent, to the defendants, to take effect on or before April 1, 1852; that on the 1st of March, 1852, the defendants accepted said resignation, to take effect April 1, 1852, and wrote to said Hinckley informing him thereof, but that the plaintiff had no notice or knowledge of such resignation, and that no new appointment of attorney was made, as provided for in the fourth section of that act.

If upon the foregoing state of facts, the court, under the pleadings and issue joined in this cause, should be of

Capen v. Insurance Company.

opinion that the plaintiff is entitled to judgment, then judgment final to be entered, at the next term of the Supreme Court, in favor of the plaintiff, and against the defendants, for the debt declared for, with damages for its detention, to be assessed by the court, and costs to be taxed, otherwise that judgment final be entered in favor of the defendants, and against the plaintiff, with costs to be taxed, either party to be at liberty to turn this special case into a special verdict, and bring a writ of error thereon.   October 3, 1854."

The cause was argued before the CHIEF JUSTICE and Justice OGDEN, by *Ryerson*, for plaintiff, and *W. L. Dayton*, for the defendants.

The CHIEF JUSTICE delivered the opinion of the court.

To a declaration upon a judgment recovered in the Supreme Court of Massachusetts, the defendants plead, in the usual form, that the court never obtained jurisdiction of the defendants, or of the subject matter in controversy in the suit.   The plaintiff replies, that the defendants had due and legal notice of the suit, by service of process on E. Russell Hinckley, their attorney in that behalf.   It appears, by the special case, that, by a letter of attorney, duly executed under the seal of the corporation, dated on the 11th of December, 1851, Hinckley was appointed the attorney of the defendants, " with power and authority to accept service of all lawful process against them issued and served within the commonwealth of Massachusetts, and cause an appearance to be entered in any action, in like manner as if said corporation had existed, and been duly served with process within said state.   This power of attorney was executed and recorded in the office of the secretary of state of Massachusetts, pursuant to a law of that commonwealth.   The process in the action upon which the judgment was recovered was, on the 2d

of April, 1852, duly served upon Hinckley, who, at the time of service, declared to the officer serving the process that he was such agent. Hinckley had previously tendered his resignation, as such agent, to take effect on or before the first day of April. The defendants had accepted the resignation, to take effect on the first day of April, 1852, and had written to Hinckley, informing him thereof, but the plaintiff had no notice or knowledge of such resignation.

It does not clearly appear, by the case, that Hinckley had received notice of the acceptance of his resignation prior to the 2d of April; but it may be fairly assumed that, as between the principal and agent, the agency was determined. The important inquiry is, how were the rights of third parties, having no notice of such determination of agency, affected thereby? The resignation of the agency took effect upon the 1st of April, the process was served upon the 2d, the agent then avowing his agency: no notice of the determination of the agency had been given, none was received by the plaintiff.

The rule respecting private agencies is well settled. In *Harrison's case*, 12 *Mod.* 346, Holt, C. J. states the rule to be, that "if a servant had power to draw bills of exchange in his master's name, and afterwards is turned out of service, if he draw a bill in so little time after, that the world cannot take notice of his being out of service, or if he were a long time out of his service, but that was kept so secret that the world cannot take notice of it, the bill in those cases shall bind the master."

The rule is thus stated by Justice Story: As to the agent himself, the revocation takes effect from the time when the revocation is made known to him: and as to third persons, when it is made known to them, and not before. Until, therefore, the revocation is so made known it is inoperative. If known to the agent, as against his principal, his rights are gone; but as to third persons,

who are ignorant of the revocation, his acts bind both himself and his principal. This is but another application of the known maxim of law and equity, that where one of two innocent persons must suffer, he shall suffer, who, by his confidence or silence, or conduct, has misled the other. *Story on Agency* § 470.

Chancellor Kent states the rule with equal clearness and precision. Even if the notice (of revocation) had reached the agent, and he concealed the knowledge of the revocation from the public, and the circumstances attending the revocation were such that the public had no just ground to presume a revocation, his acts done under his former power would still be binding upon his principal. 2 *Kent's Com.* 644.

The rule, as applied to agencies in general, is not questioned. But it is insisted that this is not an ordinary agency, and not within the principle applicable to ordinary agencies; that the office of the agent extends only to the remedy of third parties, and not to the creation of rights. It is certainly an *agency* of a very peculiar character, but it is an agency nevertheless, and if it constitutes an exception to the general rule applicable to agencies, it devolves upon the defendants to show the ground of the exception. The rule is laid down broadly as applicable to all agencies; and if it be true, as suggested by Justice Story, that the rule is but another application of the known maxim, that where one of two innocent persons must suffer, he shall suffer who by his confidence has misled the other, this case would seem to fall strictly within the reason of the principle. The power of an agent or attorney who appeared to a suit to affect the rights of his principal, has been held with peculiar stringency. It was at one period maintained, that the power of an attorney who had appeared to an action, and through whose agency judgment had been recovered, could not be denied by the principal so as to unsettle the judgment.

It would not be difficult to suggest considerations why the determination of an agency of this peculiar character without the knowledge of the public should not be suffered to prejudice the rights of suitors, independent of any statutory regulation. Regarding Hinckley as the mere private agent of the defendants, specially authorized by them to accept the service of process, the defendants, irrespective of the special provisions of the law of Massachusetts, were properly in court, and within its jurisdiction.

Inasmuch as it appears, by the case, that during the years 1851 and 1852, the defendants had an office, and transacted business, as an insurance company, within the state of Massachusetts, as so transacting business at the time of the passage of the law of 1851, and at the time of the service of the process they clearly had an existence in that state, and were subject to the operation of its laws.

It is objected that the company were not within the operation of the act of 1851, under the provision of the 11th section, which enacts that it shall not apply to companies incorporated by any state, in which corporations of like character incorporated by the commonwealth of Massachusetts are not taxed. Admitting the fact to be as alleged, it is not perceived that it can aid the defendants' case. They were carrying on business in Massachusetts; they were subject to its laws; they recognised the authority of the act of 1851, requiring foreign corporations to appoint an agent to receive the service of process; they acted in compliance with its requisitions; they duly appointed an agent under seal for the purpose of receiving service of process; the process was duly served upon such agent, the public having no notice of his resignation, and the agent himself, at the time of the service avowing his authority. The Supreme Court of Massachusetts, by whom the judgment was rendered, had jurisdiction over the persons of the defendants, and, pursuant to the terms of the special case, judgment must be rendered for the plaintiff.